COOKS, J.,
dissenting in part.
|]I dissent from the portion of the majority opinion denying penalties and attorney fees related to the EMG testing. I find the WCJ improperly admitted incompetent evidence to hold that the defendant had not denied the doctor recommended EMG. The WCJ clearly relied upon the document allegedly prepared by defendant’s adjuster and the later correspondence from defendant’s counsel in denying the claim for penalties and attorney fees related to the EMG testing. The majority justifies the admission of these notes into evidence on two grounds: (1) that in workers’ compensation cases there are relaxed rules of evidence, and (2) the claimant could have subpoenaed and deposed the adjuster if it desired, but did not.
First, I note while there are “relaxed” rules of evidence, the law still requires that all findings of fact be based upon competent evidence. La.R.S. 23:1317(A) states in pertinent part:
... the workers’ compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact *529 must be based upon competent evidence
[[Image here]]
In the present case the Defendant’s adjuster was not present to testify concerning the document, the content of which was hotly contested. The statements were not made under oath, nor did claimant’s counsel have the opportunity to cross-examine Defendant’s adjuster concerning these statements. Further, as claimant notes, ^Defendant handpicked and introduced only the portion of the notes that were beneficial to it. Further, counsel for defendant produced a statement written by himself that alleges his client did not deny the EMG. Clearly, these admissions are clear examples of self-serving hearsay.
The majority writes that when “scrutinized against the record herein, [the statements in question here] have a degree of reliability and trustworthiness which makes the WCJ’s consideration thereof reasonable and supported by competent evidence in the record.” I disagree. There was clear evidence in the record that the EMG had not been approved by defendant. Dr. Hodges indicated in his report that “[claimant] has yet to be approved for his EMG/NCVs of the upper and lower extremities.” Moreover, the testing was denied via a Utilization Review, and claimant testified at trial, he still had not been approved to have the testing done. Thus, I do not agree with the majority’s conclusion that the statements in question were supported by the record.
I also find it categorically wrong that the majority would put the onus upon the claimant to bring the adjuster to trial or incur the expense to take his deposition. As noted at oral argument, the adjuster was located in Tennessee, and it would be unjust to require claimant to endure any expense in deposing the adjuster or making him available for trial. Furthermore, the burden was on Defendant, who relied on these notes, to make the adjuster available for the claimant. Defendant argues claimant was not prejudiced and could have subpoenaed the adjuster to trial or taken the adjuster’s deposition. It was not Mr. Romero’s burden to present “competent” evidence of compliance with the worker’s compensation act. Once Mr. Romero proved the testing was owed, Defendant bore the burden of proving by competent evidence the testing was approved within sixty days of receipt or that they had a reasonable basis for not approving the test. Defendant did not bother to call any representative or custodian [¡¡from the company to establish the authenticity of the alleged business records. The documents are presented by its attorney — that is simply not enough, especially when claimant was contesting the truthfulness of the statements made in the document.
Therefore, I find the WCJ legally erred in relying on this incompetent hearsay evidence as a basis for its denial of penalties and attorney fees related to the EMG testing.